TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00698-CV






In the Matter of M. A.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-22,872, HONORABLE WILLIAM D. KING, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 In this juvenile case, M. A. appeals from the juvenile court's order committing her
to the custody of the Texas Youth Commission. In her sole issue, M. A. contends the commitment
order is void because it does not meet the statutory criteria for eligibility for commitment following
a misdemeanor adjudication. See Tex. Fam. Code Ann. § 54.05 (West Supp. 2004-05). Because
there are two separate adjudications, one of which occurred prior to the current adjudication, and the
conduct that is the basis of the current adjudication occurred after the date of the previous
adjudication, the statutory criteria are satisfied. We therefore affirm the order modifying probation
and committing M. A. to the TYC.

 M. A.'s involvement with the juvenile justice system is extensive, and we will set
forth only the facts relevant to this appeal. In two separate episodes, M. A. was adjudicated a child
who had engaged in delinquent conduct: on September 8, 2003, in Travis County, she committed
assault with family violence against her mother for which she was adjudicated delinquent on
February 24, 2004; and on June 7, 2004, she was adjudicated delinquent for having possessed
marihuana in Bastrop County on March 1, 2004. (1) See Tex. Pen. Code Ann. § 22.01 (West Supp.
2004-05) (assault); Tex. Health & Safety Code Ann. § 481.121 (West 2003) (possession of
marihuana). On October 12, 2004, the State filed a Motion to Modify Disposition alleging that
M. A. had violated various rules of her probation on the marihuana offense. After a hearing, the trial
court found that M. A. violated the conditions of her probation and satisfied the statutory criteria,
and ordered her committed to the TYC.

 On appeal, M. A. challenges the commitment order, claiming that she does not have
the requisite number of adjudications in the correct successive order to meet the criteria of family
code section 54.05(k), and that her commitment to TYC was therefore not a permissible option for
the trial court. See Tex. Fam. Code Ann. § 54.05(k). We disagree. Although the chronology of
court dates, adjournments, transfers, and orders is confusing, after a review of the record, we
conclude that the commitment order satisfies the statutory criteria.

 Modifications of disposition proceedings are governed by section 54.05 of the family
code. Id. § 54.05. Subsection (k) imposes a limitation on the court's ability to modify a disposition
order under subsection (f) of section 54.05. Id. § 54.05(f), (k). Subsection (f), in part, allows a
modified disposition order in an adjudication based on a misdemeanor to commit a child to TYC if
the penal violation upon which the modified order is based is either (i) a felony or (ii) a misdemeanor
if the requirements of (k) are also met. Id. § 54.05(f). The two requirements of subdivision (k) (2) that
must be met before disposition may be modified to allow for commitment are that


(1) the child has been adjudicated as having engaged in delinquent conduct violating
a penal law of the grade of felony or misdemeanor on at least one previous
occasion before the adjudication that prompted the disposition that is being
modified; and


(2) the conduct that was the basis of the adjudication that prompted the disposition
that is being modified occurred after the date of the previous adjudication.



Id. § 54.05(k). Thus, the family code limits when a juvenile who engages in misdemeanor
delinquent conduct, as here, may be committed to the TYC. After a juvenile is adjudicated
delinquent, a separate disposition hearing must be held. Id. § 54.04(a) (West Supp. 2004-05). For
a modification of that adjudication to result in the juvenile commitment to the TYC, the child must
have an earlier adjudication and the conduct on which the later adjudication is based must have
occurred after the earlier adjudication.

 On June 7, 2004, M. A. was adjudicated delinquent for the misdemeanor offense of
possession of marihuana in Bastrop County, which occurred on March 1, 2004. This is the offense
for which the State filed a Motion to Modify Disposition on October 12, 2004, and for which the trial
court committed appellant to TYC. The two-pronged question, then, is whether (i) M. A. had been
adjudicated delinquent on at least one previous occasion before this adjudication and (ii) the conduct
that is the basis of the second adjudication occurred after the date of the first adjudication.

 The first question, then, is whether the assault adjudication occurred prior to the
Bastrop marihuana adjudication, which is the basis for the modification in the current proceeding. 
The April 1, 2004 Dispositional Order states that appellant was adjudged delinquent for the assault
on February 24, 2004. (3) The record also reflects that while she was awaiting the disposition hearing,
which occurred on March 16, she was arrested for possession of marihuana in Bastrop County on
March 1. She was adjudicated for that offense on June 7, 2004. Thus, the assault adjudication
occurred prior to the marihuana offense adjudication for which her probation was modified and for
which she is now committed to the TYC.

 We must next ask whether the conduct that is the basis of the current adjudication that
prompted this disposition hearing occurred after the date of the previous adjudication. We also
answer this question in the affirmative. The conduct in question--the marihuana offense--occurred
on March 1; it therefore occurred after the date of the previous adjudication, which was February 24. 
Thus, "the conduct that was the basis of the adjudication that prompted the disposition that is being
modified"--the marihuana possession--occurred "after the date of the previous adjudication."

 Having concluded that the statutory criteria are satisfied, we overrule M. A.'s sole
issue on appeal and affirm the order of the juvenile court modifying the disposition and committing
M. A. to TYC.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 27, 2005
1. The Bastrop County Court at Law transferred its jurisdiction over the marihuana offense
to Travis County.
2. In its brief, the State cites us to the prior law which is no longer in effect for offenses
occurring after September 1, 2003. Before September 1, 2003, the two requirements of subdivision
(k) were that (1) the child has been adjudicated for delinquent conduct based on a penal violation of
the grade of felony or misdemeanor on at least two previous occasions, and (2) of the previous
adjudications, the conduct for one occurred after the date of the other. Act of May 30, 1999, 76th
Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920, amended by, Act of May 22, 2001, 77th
Leg., R.S., ch. 1420, § 5.002, 2001 Tex. Gen. Laws 4210, 4226, amended by, Act of June 2, 2003,
78th Leg., R.S., ch. 283, § 21, 2003 Tex. Gen. Laws 1221, 1227. The 2003 amendment, requiring
only one previous adjudication, took effect on September 1 of that year and continued the prior law
in effect for conduct occurring prior to the effective date.
3. Because a judgment of delinquency was signed by the district court judge on July 27, 2004,
appellant argues that she was not actually adjudicated delinquent for the assault offense on February
24. But absent evidence, the juvenile court was entitled to rely on the April 1 order finding that the
adjudication occurred on February 24. The docket sheet also reflects an adjudication on that date.